***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBIN PACZKOWSKI, <br><br> Plaintiff, <br><br> v. <br><br> HYATT CORPORATION; HYATT ZIVA CANCUN; ABC COMPANY (1-10) (fictitious names, true names unknown at this time); JOHN DOE (1-10) (fictitious names, true names unknown at this time), <br><br> Defendants. | Civil Action No. 20-10821 (FLW) <br><br> **OPINION** |

**WOLFSON, Chief Judge:**

This matter comes before the Court on a motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(6), filed by Defendants Hyatt Corporation ("Hyatt Corp.") and Camerón del Caribe S. de R.L. de C.V. d/b/a Hyatt Ziva Cancun ("Ziva Cancun") (collectively "Defendants"), seeking dismissal of the personal injury action filed by Plaintiff Robin Paczkowski ("Plaintiff") for lack of personal jurisdiction and failure to state a claim.[1]  For the reasons set forth herein, Ziva Cancun's

---

[1] Hyatt Corp. represents that if the Court were to find the Complaint sufficiently states a claim for negligence against it, the Complaint should nonetheless be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). (*See* Def. Reply Br. at 10) ("The main issues here are jurisdiction and venue as to the Mexican Hotel and failure to state a claim again Hyatt Corp. The Court can and should reach those issues without even needing to address service. If Plaintiff survives these more substantive issues, then Plaintiff should make a good faith effort to effectuate service."). By asking the Court to rule on its motion to dismiss on the merits in the first instance, however, I find that Hyatt Corp. has, in effect, waived service of process, because without service, the Court would lack personal jurisdiction over either defendants to consider the merits of the motion. *See Grand Entertainment Group, LTD v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993).

motion to dismiss is **GRANTED**, because the Court lacks personal jurisdiction over it, and Hyatt Corp.'s motion to dismiss for failure to state a claim of negligence is **DENIED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following factual allegations are taken from Plaintiffs' Complaint and are accepted as true for the purpose of this motion to dismiss.

On or about June 20, 2018, Plaintiff alleges that she was a guest at the Ziva Cancun, a hotel located in Cancun, Mexico. (Compl. at ¶ 1.) Two days after checkicunng into the hotel, on June 20, 2018, Plaintiff purportedly fell at the hotel's premises, causing her to sustain injuries and incur medical expenses. (Compl. at ¶ 3.) According to Plaintiff, these injuries were obtained from an unsafe condition that existed on the premises of Ziva Cancun. (*Id.*) The Complaint provides no additional factual allegations related to the circumstances surrounding Plaintiff's alleged fall, the injuries she sustained, or the unsafe condition that existed at the hotel.

On June 19, 2020, Plaintiff filed the instant Complaint against Defendants in the Superior Court of New Jersey, Law Division, Ocean County, asserting a negligence claim for the personal injuries sustained as a result of the fall. One month later, on August 19, 2020, Defendants removed the action to this Court, and on December 28, 2020, they filed the instant motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2), (3), (5), and (6), for lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim, respectively.

II.  **LEGAL STANDARD**

A.   **Fed. R. Civ. P. 12(b)(2)**

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004)

(citing Fed. R. Civ. P. 4(e)). "[T]he New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (citations omitted). Thus, the central inquiry is whether the defendant has "certain minimum contacts with...[New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted). In analyzing personal jurisdiction, the Court must determine whether it has general or specific jurisdiction over the defendant.

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc.*, 384 F.3d at 97; *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003). Still, plaintiff " 'bears the burden to prove, by a preponderance of the evidence,' that personal jurisdiction is proper." *Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)). In the context of assessing personal jurisdiction, "[w]hile disputed issues are construed in favor of the plaintiff, allegations may be contradicted by the defendant through opposing affidavits or other evidence, at which point the plaintiff must respond with 'actual proofs, not mere allegations.'" *Am. Bd. of Internal Med. v. Rushford*, No. 14-6428, 2015 WL 5164791, at *2 (D.N.J. Sept. 2, 2015) (quoting *Patterson v. FBI*, 893 F.2d 595, 603 (3d Cir. 1990)).

B.   **Fed. R. Civ. P. 12(b)(6)**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must "accept all

3

factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty, Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted).

To survive a dismissal motion, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 55 (2007). The complaint must include "enough factual matter (taken as true) to suggest [every] required element." *Phillips*, 515 F.3d at 234. In other words, the complaint must "state a plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). To determine whether a complaint is plausible, a court conduct a three-part analysis. First, the court "must take note of the elements the plaintiff must plead to state a claim." *Connelly v. Lane Constr. Corp*, 809 F.3d 780, 787 (3d Cir. 2016). Then, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Lastly, "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*.

A. **DISCUSSION**

    A. **Personal Jurisdiction**

"There are two distinct theories under which personal jurisdiction can arise: general and specific." *Allaham v. Naddaf*, 635 Fed. Appx. 32, 37-38 (3d Cir. 2015) (citing *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994)). Here, the Complaint does not identify under which theory Plaintiff is basing jurisdiction. However, in Plaintiff's opposition brief, it appears that she asserts both general and specific jurisdiction over Defendants. Unconvincingly, Plaintiff appears to argue that Hyatt Corp.'s jurisdictional contacts are imputed to Ziva Cancun, because

4

they are related entities; it is solely on that basis Plaintiff submits that Ziva Cancun has sufficient "minimum contacts" in New Jersey. (Pl. Opp. Br. at 3.) Regardless of which theory Plaintiff pursues, she has failed to satisfy either jurisdictional ground against Ziva Cancun.

> i. *General Jurisdiction*

General jurisdiction exists when the defendant's affiliations with the forum state are "so continuous and systematic as to render [it] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal citations and quotations omitted). General jurisdiction allows a court to assert personal jurisdiction over an out-of-court defendant when "that party can be called to answer any claim against her, regardless of whether the subject matter of the cause of action has any connection to the forum." *Mellon Bank P.S.F.S. v. Farino*, 960 F.2d 1217, 1221 (3d Cir.1992). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted). Indeed, when the forum is not the place of incorporation or principal place of business, "exceptional" circumstances are needed to establish general jurisdiction. *See id.* at 139 n.19.

Here, the Court can find no basis for general jurisdiction over Ziva Cancun because it is neither incorporated nor has a principal place of business in New Jersey. Rather, Ziva Cancun is a franchise hotel owned and administered by Camerón del Caribe, a Mexican company, with its principal place of business in Mexico and has no places of business or contacts in New Jersey. (*See* Certification of Christina Urbanski in Support of Defendants' Motion to Dismiss ("Urbanski Cert.") at ¶ 5.) Specifically, Camerón del Caribe acquired the hotel through a Franchise Agreement with non-party Hyatt Franchising Latin America, L.L.C., on August 9, 2013. (Urbanski Cert. at ¶ 6.) Indeed, Urbanski, the Assistant Secretary for Hyatt Corp., provides information critical to

understanding the relationship between Hyatt Corp. and other Hyatt entities. Hyatt Hotels Corporation has two subsidiaries: Hyatt Corp. and Hyatt International Corporation. (*Id*. at ¶ 3-4.)[2] Hyatt Franchising Latin America, L.L.C., the Hyatt entity responsible for the Franchising Agreement with Camerón del Caribe, is a subsidiary of Hyatt International Corporation. (*Id*. at ¶ 4, 6.) Based on Urbanski's representations, which Plainiff does not dispute, the Court is satisfied, on the issue of personal jurisdiction, that Hyatt Corp. is not related or connected to Hyatt Franchising Lating America, L.L.C., Hyatt International Corporation, Ziva Cancun, nor is it a party to the Franchise Agreement. To be clear, at the time of Plaintiff's alleged inury, Camerón del Caribe was the owner of Ziva Cancun and it remains the owner today. (*Id*. at ¶ 8.) Based on the uncontested certifications submitted in the personal jurisdiction context, Hyatt Corp. does not own, lease, operate, maintain, or control Ziva Cancun, and therefore, to the extent that Plaintiff attempts to impute any general jurisdictional contacts of Hyatt Corp. to Ziva Cancun, it is unable to do so.[3] Put simply, Plaintiff cannot provide any facts to establish that this Court has general jurisdiction over Ziva Cancun or that this case presents an exceptional circumstance.

    ii.    *Specific Jurisdiction*

Specific jurisdiction exists over a non-resident defendant where the plaintiff's claim "'arise[s] out of or relate[s] to the defendant's contacts with the forum.'" *Daimler*, 571 U.S. at 127 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 1414 n.8 (1984)); *see Bristol–Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) ("In order for a court

---

[2] It is important to note that Hyatt Hotels Corporation and Hyatt International Corporation are non-parties in this case and they are mentioned to address the issue of whether the Court can exercise general jurisdiction over Ziva Cancun.

[3] Even if the Court were to consider Hyatt Corp.'s jurisdictional ties to this district, it questions whether Plaintiff could demonstrate general jurisdiction, as Hyatt Corp. maintains its headquarters in Chicago, Illinois.

to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" (quoting *Goodyear*, 564 U.S. at 919)). Courts apply a three part test to determine whether specific jurisdiction over a non-resident defendant exists: "First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *Petrucelli v. Rusin*, 642 Fed. Appx. 108, 110 (3d Cir. 2016) (internal citations and quotations marks omitted). In establishing specific jurisdiction, it is not necessary that the defendant be physically located in the forum state while committing the alleged act. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Even a single act may satisfy the "purposeful availment" requirement if it creates a "substantial connection" with the forum. *Id.* at 476 n.18.

Relying on the State Court cases of *Mastondrea v. Occidental Hotels Management Sa.*, 391 N.J. Super. 261 (App. Div. 2007), *Makopoulos v. Walt Disney World, Inc.*, 221 N.J. Super. 513 (App. Div. 1987), and *Jacobs v. Walt Disney World, Co.*, 209 N.J. Super. 443 (App. Div. 1998), Plaintiff argues that exercising specific jurisdiction over Ziva Cancun would not offend the traditional notions of fair play and substantial justice, because a relationship exists between Hyatt Corp. and Ziva Cancun. (Pl. Opp. Br. at 4.) In particular, Plaintiff appears to argue that specific jurisdiction is appropriate because 1) Hyatt Corp. maintains a physical presence in New Jersey through its multiple hotels, 2) Hyatt Corp. operates a website that can be accessed by anyone in New Jersey, and 3) with respect to Ziva Cancun, that hotel is featured on the "Hyatt.com" website. (*Id*. at 3.) Moreover, Plaintiff maintains that it is through the "Hyatt.com" website where bookings can be made at Ziva Cancun. (*Id*.)

At the outset, the Court finds that the cases relied upon by Plaintiff are noticeabily distinguishable from the present circumstances.[4] First, in *Mastondrea*, the New Jersey Appellate Division affirmed a trial court order finding personal jurisdiction over Royal Playacar, a Mexican hotel, based on its advertising in New Jersey. 391 N.J. Super. at 268. In that case, the plaintiff, who allegedly slipped and fell at the hotel, stated that he had purchased a vacation to Royal Playacar through a tour company that was a subsidiary of Libgo Travel, a New Jersey entity. *Id*. at 267. In affirming the trial court's finding of specific personal jurisdiction, the appellate panel relied on contracts between Royal Playacar and Libgo Travel, including a contract which Libgo Travel agreed to solicit business for Royal Playacar and derived a profit from that solicitation through sales of vacation packages. *Id.* at 270-71. In addition, the appellate panel noted that Royal Playacar and Libgo Travel engaged in "communications, financial dealings, and other contacts that emanated both from Mexico and New Jersey." *Id.* at 271. Those same contacts are not present here. No evidence exists of any contracts, agreements, or other explicit connections between Hyatt Corp. and Ziva Cancun. Indeed, other than the fact that some of its guests come from New Jersey, Plaintiff has not provided any evidence to show Ziva Cancun has any contacts in New Jersey whatsoever. Most significantly, Plaintiff's claims arise entirely from an incident that occurred in Mexico—not New Jersey.

Next, to the extent that Plaintiff relies on *Makopoulos* to argue that specific jurisdiction exists based on Ziva Cancun's presence on Hyatt Corp.'s website, that argument is unavailing given the evidence in this case. Here, Plaintiff has not provided any evidence, other than the "Hyatt.com" website, to suggest that Ziva Cancun was specifically targeting New Jersey or that

---

[4] Plaintiff relies on *Jacobs*, 209 N.J. Super. at 443, for the proposition that the activities of affiliated entities can provide a basis for jurisdiction. However, as discussed at length above, *infra*, no evidence exists to find that Hyatt Corp. and Ziva Cancun are related or affiated entities.

8

Ziva Cancun was directly targeting residents in New Jersey. The worldwide website, alone, is insufficient to confer specific jurisdiction. *See generally Toys "R" Us, Inc.*, 316 F.3d at 452 (holding that the mere operation of a website should not subject the operator to jurisdiction anywhere in the world unless there is evidence that the defendant "purposefully availed" itself to the forum state by directly targeting resident in the state); *Rocke v. Pebble Beach Co.*, 541 Fed. Appx. 208, 212 (3d Cir. 2013) (finding no specific jurisdiction where the record lacked evidence that a website directly targeted Pennsylvania or that the defendant knowingly interacted with Pennsylvania residents through the website). Importantly, the website, Hyatt.com, is internationally accessible, and it merely shows the availability of Hyatt hotels, including franchisees like Ziva Cancun. In fact, Plaintiff acknowledges that although the "Hyatt.com" website features Ziva Cancun, a prospective guest interested in reserving a room at Ziva Cancun is redirected to Ziva Cancun's standalone website for actual booking. (*See* Certification of Kevin M. Stankowitz, Esq. in Opposition to Defendants' Motion to Dismiss, Exhibit B.) The Court cannot find that Ziva Cancun's mere presence on a Hyatt Corp. website—especially because Hyatt Corp. and Ziva Cancun have been shown to be unrelated corporate entities—rises to the level of purposeful availment with the forum.

Accordingly, Plaintiff's claims against Ziva Cancun are dismissed based on a lack of personal jurisdiction.[5]

---

[5] The Court further notes that Defendants argue that Plaintiff signed a registration card that included a forum selection clause upon arriving at the hotel. (*See* Certification of Andrew S. Turkish, Esq. in Suport of Defendants' Motion to Dismiss, Exhibit C.) According to Defendants, the forum selection clause expressly designated Mexico, not New Jersey, as the appropriate forum for the resolution of any disputes between the parties. *See Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 62 (2013) (stating that the choice of forum mentioned in the forum selection clause should be enforced except in exceptional circumstances); *See Instrumentation Associates v. Madsen Electronics. (Canada)*, 859 F.2d 4, 9 (3d Cir. 1988) (holding that the Canadian forum mentioned in the forum selection clause

B. **Failure to State a Claim**

Hyatt Corp. argues that the Complaint fails to state a claim, because Plaintiff fails to sufficiently allege Hyatt Corp.'s role in the alleged incident. (Def. Moving Br. at 10.)  In that connection, Hyatt Corp. maintains that no connection exists between it and Ziva Cancun, since Hyatt Corp. is not a party to the Franchise Agreement, and as such, it owes no duty to Plaintiff at the time of the incident. (*Id*.) In response, Plaintiff claims that the Complaint contains sufficient allegations to properly state a claim for negligence against Hyatt Corp.

To plausibly state a negligence claim in New Jersey, a plaintiff must allege four key elements: "(1) that the defendant owed duty of care to the plaintiff, (2) that the defendant breached that duty, (3) that the breach was a proximate cause of the plaintiff's injuries, and (4) that the plaintiff suffered actual compensable injuries as a result." *Kubert v. Best*, 432 N.J. Super 495, 508 (App. Div. 2013); *see also Brunson v. Affinity Federal Credit Union*, 199 N.J. 381, 400 (2009); *Townsend v. Pierre*, 221 N.J. 36, 52 (2015). At bottom, the negligence inquiry asks "whether the reasonably prudent at the time and place should recognize and foresee an unreasonable risk of likelihood of harm or danger to others." *Tentacost v. Brussel*, 82 N.J. 214, 222 (1980) (internal quotations omitted).

Here, Plaintiff alleges that she was "lawfully upon premises owned and operated by Hyatt Corporation" at the time of her injury, and further, that the premises upon which her fall and injuries occurred were "owned and/or leased and/or operated and/or maintained and/or constructed and/or under the supervision and control" of Hyatt Corp. (Compl. at ¶ 1.)  Despite Hyatt Corp.'s  contrary contention, the Court cannot rely on the Certification of Christina Urbanski

---

is enforceable.)  Because the Court lacks personal jurisdiction, however, it need not decide the enforceability of the forum selection clause.

for purposes of Hyatt Corp.'s motion to dismiss, because that certification was offered in support of Ziva Cancun's motion to dismiss for lack of personal jurisdiction. It may seem counterintuitive to accept certain facts for purposes of jurisdiction, yet ignoring these same facts on this simultaneously-filed motion to dismiss. Indeed, while the Court may consider facts outside the pleadings when resolving jurisdictional motions, it cannot do so for Hyatt Corp.'s Rule 12(b)(6) motion. *See Miller Yacht Sales, Inc.*, 384 F.3d at 101 n.6 (acknowledging the procedural distinctions between a Rule 12(b)(6) motion and a Rule 12(b)(2) motion because a "Rule 12(b)(2) motion is inherently a matter which requires resolution of factual issues outside the pleadings"). As a result, the allegations of Plaintiff's Complaint must be taken as true. That said, because the Complaint alleges that Hyatt Corp. owed Plaintiff a duty of care because it owns Ziva Cancun, and that Plaintiff sustained an injury from her slip and fall on the premises as a result of an unsafe condition that existed at the hotel, the Court finds that the Complaint sufficiently asserts a claim of negligence against Hyatt Corp.[6]

## IV.   CONCLUSION

For the reasons set forth above, Ziva Cancun's motion to dismiss is **GRANTED**, because the Court lacks personal jurisdiction over it, and Hyatt Corp.'s motion to dismiss for failure to state a claim of negligence is **DENIED**.

---

[6] Hyatt Corp. did not move to dismiss based on any other elements of negligence, except duty of care. Moreover, it also did not move to dismiss on the basis of jurisdiction. Rather, Hyatt asks the Court to solely rely on the pleadings to resolve Plaintiff's claim against it. While Plaintiff did not contest, for the purposes of jurisdiction, that Hyatt Corp. does not own Ziva Cancun, I cannot rely on those facts outside of the Complaint. But, Plaintiff is well-advised that she will have great difficulty in proving that Hyatt Corp. owed Plaintiff a duty of care based on its ownership or control of the hotel, and that such theory can very well be the basis of a summary judgment motion by Defendant.

Dated: July 21, 2021                                             /s/ Freda L. Wolfson
                                                                 Freda L. Wolfson
                                                                 U.S. Chief District Judge